*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-164

JUNE TERM, 2015

| | |
|---|---|
| State of Vermont | } APPEALED FROM: |
| | } |
| | } Superior Court, Windham Unit, |
| v. | } Criminal Division |
| | } |
| | } |
| Julio E. Davila | } DOCKET NOS. 678-6-12 Wmcr & |
| | 138-2-13 Wmcr |

Trial Judge: David Suntag

In the above-entitled cause, the Clerk will enter:

Defendant appeals his convictions for selling or dispensing heroin and for aiding in the commission of selling or dispensing heroin following a jury trial. Defendant argues that the evidence is insufficient to support his convictions. We affirm.

The record reveals the following. An information was filed charging defendant with selling heroin. The transactions on which the information was based involved a police confidential informant, who acted as the buyer, a third-party seller, and defendant as the drug supplier. By the time of trial, there were four counts pending against defendant: count 1 alleged that defendant dispensed heroin on December 12, 2012; count 2 alleged that defendant dispensed 200 milligrams (mg) or more of heroin on January 3, 2013; count 3 alleged that defendant possessed 200 mg or more of heroin on January 17, 2013; and count 4 alleged that defendant aided in selling or dispensing 1 gram (g) or more of heroin on February 6, 2013.

During a week-long trial, the State presented testimony from twelve witnesses, including police detectives, the informant, and the third-party seller. At the close of the State's case, defendant moved for a judgment of acquittal on charge 3, but not on the rest of the charges. The court granted the motion, and dismissed charge 3. The remaining three charges were submitted to the jury. The jury convicted defendant on counts 2 and 4, but acquitted defendant of count 1.

Defendant filed timely post-judgment motions for acquittal and for a new trial. V.R.Cr.P. 29(c); V.R.Cr.P. 33. The court denied the motions. As to the motion for acquittal, the court explained that sufficient evidence supported the convictions, including: the direct testimonies of the third-party seller and the confidential informant; the marked cash found on defendant; and a police surveillance video of the sales. Defendant appeals.

On appeal, defendant argues that there was insufficient evidence to support his convictions, and therefore he was entitled to a judgment of acquittal. At the outset, we address the State's argument that defendant did not properly preserve this argument for appeal because his motion for acquittal at trial did not relate to the charges now challenged on appeal. See State

v. Crannel, 170 Vt. 387, 407-08 (2000). Even though defendant did not move for acquittal before submission to the jury, he properly preserved the issue for appeal by timely moving for acquittal in a post-judgment motion. V.R.Cr.P. 29(c) (allowing a motion for acquittal to be made within 10 days after jury is discharged and specifying that motion need not be preceded by similar pre-verdict motion); see State v. Brooks, 163 Vt. 245, 254 (1995) (holding that plain language of Rule 29 "allows a postverdict motion for acquittal regardless of whether a similar motion was made under Rule 29(a)" at close of trial).

Therefore, we turn to the merits of defendant's argument that there was insufficient evidence to support his convictions. Defendant argues that "the credible State's evidence establishes nothing more than that [defendant] was at the wrong place at the wrong time."

The standard for granting a motion for acquittal pursuant to Vermont Rule of Criminal Procedure 29 is whether the evidence when viewed in the light most favorable to the State is sufficient for a reasonable trier of fact to find that all elements of the crime have been proven beyond a reasonable doubt. State v. McAllister, 2008 VT 3, ¶ 13, 183 Vt. 126.

The following evidence was presented at trial concerning count 2 for dispensing 200 mg or more of heroin on January 3, 2013, and count 4 for aiding in selling or dispensing 1 g or more of heroin on February 6, 2013. The detective who worked with the confidential informant testified as to the procedures used and the arrangements preceding both transactions. As to the January 3, 2013 transaction, the seller provided direct testimony of defendant's involvement in the drug sales. The seller testified that he received drugs from defendant and sold a portion of those drugs to the confidential informant. The confidential informant testified that the seller did not have the drugs initially and they drove together to a parking lot. He gave the seller the money and observed the seller meet defendant, and shake hands. The seller then reentered the car and produced the drugs. Two police detectives were in the parking lot and testified about what they witnessed. In addition, the events were video-recorded and the video was played for the jury.

As to the February 6, 2013 transaction, the seller testified that the confidential informant asked to buy heroin, and that the seller contacted defendant to supply the drugs. On the day of the sale, he met defendant and they drove to a parking lot to meet with the confidential informant. He then sold the confidential informant 16 bundles of heroin for $1300. He kept $100 and gave the rest to defendant. The confidential informant also testified about the events of the buy. Again, the transaction was observed by police detectives, who testified, and there was a video recording that was played for the jury. In addition, after the transaction defendant was arrested, and $1100 in pre-recorded buy money was seized from defendant.

Defendant asserts that this evidence is insufficient because the State failed to show that defendant was directly involved in the drug transaction insofar as the only direct testimony that the drugs came from defendant was from the seller and for various reasons he was not credible. This argument concerning the seller's credibility does not impact the sufficiency of the evidence. Circumstances concerning a witness's credibility go to the weight of the evidence, not the sufficiency of the evidence. State v. Hinchliffe, 2009 VT 111, ¶ 22, 186 Vt. 487. This was a matter for the jury to decide and does not impact the analysis of the sufficiency of the evidence. Id.

When viewed in the light most favorable to the State, the evidence here was sufficient to demonstrate that in both instances defendant was involved in the drug transactions. The seller

testified that he received the drugs from defendant that were sold to the informant.  Therefore, the court did not err in denying the motion for acquittal.

    <u>Affirmed</u>.

BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice
